IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN CARLOS CRUZ, | ) |
| #40595-004 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.:  2:05-CV-877-F |
| | ) |
| SCOTT MIDDLEBROOKS, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,
UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds to the petition filed pursuant to 28 U.S.C. § 2241.

*I.     PETITION*

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the BOP is denying him early release pursuant to 3621(e).  As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers.  Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991).  The habeas corpus petition is due to be denied.

## II.    PARTIES

### A)    Petitioner

The pro se petitioner, Juan Carlos Cruz, federal register number 40595-004, currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, (FPC Montgomery).  (**Attachment 1** - Public Information Inmate form).  The petitioner is serving a 136 month sentence (with 5 years supervised release to follow) for Conspiracy to Possess With Intent to Distribute Cocaine in violation of Title 21 U.S.C. § 841.  (**Attachment 1, and Attachment 2 -** Judgment and Commitment order for Case no. 96-CR-8014-01)  The petitioner has a projected release date of November 8, 2006, via good conduct time release.  (**Attachment 1, at 4.**)

### B)    Respondent

The petitioner has named the BOP and Scott Middlebrooks, Warden FPC Montgomery, as Respondents in this matter.  The only proper Respondent in federal habeas cases is the custodian of the  having custody of the petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004).

## III.    SUBJECT MATTER JURISDICTION

The petitioner brings this action pursuant to 28 U.S.C. § 2241.  Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63

F.3d 1063, 1066 (11th Cir. 1995). The court has subject matter jurisdiction.

## IV.   *VENUE*

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained. A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody. Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985). Venue is appropriate.

## V.   *SERVICE OF PROCESS*

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained." Records reflect the Warden was served on September 18, 2005.

## VI.   *FACTS*

The petitioner claims the fact that he has an INS detainer should not preclude him from participation in the Residential Drug Abuse Program (RDAP) or placement in a halfway house. However, Pursuant to Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures (**Attachment 3** - relevant pages). Inmates with unresolved or pending detainers are ineligble for placement in a halfway house. In order to complete RDAP, inmates must spend part of their time in a halfway house. As the petitioner can not fulfill this requirement, he is ineligble for early 3621(e) release. The Immigration Detainer - Notice of Action, dated February 10, 2005, reflects

the petitioner has a detainer lodged against him from the U.S. Immigration Service (INS). (**Attachment 4**). Therefore, he will be released to the custody of INS upon when his federal sentence is completed. The petitioner did complete the residential portion of the RDAP program.

The petitioner also claims as an INS Detainee he should not have to work. Program Statement 5251.05, <u>Inmate Work and Performance Pay Program</u>, section 5, page 3, provides that INS detainees are excluded from work requirements unless they the inmate waives his right not to work. (**Attachment 5** - relevant pages). However, Mr. Cruz is not an INS detainee because the INS has not made a final determination regarding his deportation status. They merely have an detainer on him in order to take him into custody with the purpose of determining whether to initiation deportation proceedings against him. Thus, he must work while in prison. See Declaration of Chalon Moore, Case Management Coordinator, FPC Montgomery.

The petitioner has exhausted his Administrative Remedies regarding this issue.

## VII.   <u>BOP REGULATIONS AND PROGRAM STATEMENT</u>

Pursuant to the Violent Crime Control & Law Enforcement Act of 1994 (VCCLEA), Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a substance abuse or addiction program, Congress gave the BOP the

discretion to reduce the sentence of an inmate by up to 12 months where the inmate was convicted of a nonviolent offense(s) and completed a residential drug treatment program during his current commitment. 18 U.S.C. § 3621(e)(2)(B). For early release consideration under 3621(e), an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement. (**Attachment 6** - Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>).

Pursuant to 28 C.F.R. 550.59 (b), an inmate who successfully completes a residential drug abuse program and who, based on eligibility, is transferred to a Community Corrections Center (CCC), is required to participate in a community-based treatment program. Inmates who complete both the institution and community portion of the drug program may receive up to a year off their sentence, if otherwise eligible. However, as indicated above, the petitioner is not eligible for placement in a CCC and he therefore, is unable to complete the program.

### VIII. <u>ARGUMENTS AND CITATIONS OF AUTHORITY</u>

#### A) <u>Petitioner Does Not Have An Equal Protection Claim</u>

The petitioner's claims that his equal protection rights are being violated is due to be rejected. The petitioner does not belong to a protected class. Additionally, there is no evidence the BOP acted (or failed to act) towards him as a member of a protected class. In order to analyze an equal protection claim, a court must determine whether the

challenged classification is one which involves a suspect class or the exercise of a fundamental right. See Plvler v. Doe, 457 U.S. 202, 216-17 (1982). The petitioner does not fall into a protected class and incarceration is not an immutable characteristic nor is it an invidious basis for discrimination. See Thornton v. Hunt, 852 F.2d 526 (11th Cir. 1988); Moss v. Clark, 886 F.2d 686 (4th Cir. 1989); Brandon v. District of Columbia Board of Parole, 823 F.2d 644 (D.C. Cir. 1987). Moreover, courts have demonstrated their reluctance to hold that any two prisoners are ever similarly situation. In Rowe v. Cuvler, the court stated:

> ...it is difficult to believe that any two prisoners could ever be considered "similarly situated" for purposes of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics.

534 F. Supp. 297 (E.D. Pa. 1982), affirmed, 696 F. 2d 985 (3rd Cir. 1982).

### B)   Neither 18 U.S.C. § 3621(e)(2)(B) Nor The Due Process Clause Creates A Liberty Interest In Early Release

The petitioner has not been denied due process in being deemed ineligible for early release consideration. The BOP has the authority to determine whether an inmate should receive any sentence reduction after completing a drug program. However, federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection. See, Wiley, 208 F.3d at 1322 - 23 (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider petitioner for a sentence reduction did not violate his due

process rights); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998) (finding that the BOP has discretion to deny sentence reductions even to those inmates who successfully complete a treatment program); Fristoe v. Thompson, 144 F.3d 627, 620 (9th Cir. 1998).

## IX.   RECOMMENDATION

For the reasons indicated above, this petition is due to be and should be denied.

Respectfully submitted this 15th day of November, 2005.

                LEURA G. CANARY
                United States Attorney

By:   s/R. Randolph Neeley
       R. Randolph Neeley
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  rand.neeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Juan Carlos Cruz
>No.: 40595-004
>Maxwell Federal Prison Camp
>Birmingham - C
>Maxwell Air Force Base
>Montgomery, AL  36112

>s/R. Randolph Neeley
>Assistant United States Attorney