Attachment 6



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5330.10
**DATE:** May 25, 1995
**SUBJECT:** Drug Abuse Programs Manual, Inmate

**EFFECTIVE DATE:** June 26, 1995

---

1. **[PURPOSE AND SCOPE § 550.50. The Bureau of Prisons provides, subject to the availability of appropriated funds, drug abuse treatment programs to inmates.]** The purpose of this Manual is to establish operational policy and procedural guidelines for the delivery of drug abuse treatment services and to describe the general philosophy of treatment guiding all Bureau drug abuse programs. Further, this Manual establishes implementation guidelines for the Violent Crime Control and Law Enforcement Act of 1994, specifically, amendments to 18 U.S.C. § 3621, Subtitle T, Substance Abuse Treatment in Federal Prisons.

2. PROGRAM OBJECTIVES. The expected results of this program are:

   a. Inmates who need and want drug abuse treatment will be able to participate in one or more programs designed to assist them.

   b. Inmates who meet certain criteria will be required to participate in drug abuse treatment programs.

   c. Eligible inmates who successfully complete the Bureau's residential drug abuse treatment program may earn up to a one year reduction from their statutory release date.

   d. Inmates who violate program rules and expectations may be removed from a program and lose their eligibility for early release.

   e. Inmates who participate in residential drug abuse programs will continue their drug abuse treatment when transferred to a Community Corrections Center.

   f. Progress records on drug abuse treatment participants will be properly maintained.

[Bracketed Bold - Rules]
Regular Type - Implementing Information

With regard to prior offenses, juvenile adjudications and disciplinary findings cannot be used to deny an inmate a 3621(e) sentence reduction.

To verify if a prior conviction for a state child sexual abuse offense would disqualify an inmate for early release, DAP staff should refer the appropriate documentation to local legal counsel for a final determination. Legal staff will compare the elements of the prior state offense with the Federal child sexual offense provisions listed in 18 U.S.C. §§ 2241, 2242, 2243, and 2244(a). If the elements of the prior state offense are similar to the elements of any of the above referenced Federal offenses, the inmate shall be disqualified for early release.

In <u>rare</u> instances, an aggravated assault can be a misdemeanor conviction. Additionally, the PSI is not always clear on whether a conviction for:

- assault is aggravated,
- a homicide is non-negligent,
- a sexual assault constitutes forcible rape, or
- sexual abuse of children is an offense that disqualifies the inmate.

Therefore, DAP staff should request institution legal counsel to make the final determination when uncertainty exists. A record of this determination should be noted in the inmate's DAP records.
*

(4) <u>The inmate has successfully completed all parts of the Bureau's residential drug abuse treatment program</u>. Inmates receiving an early release under § 3621(e) must have successfully completed a residential drug abuse treatment program for a minimum of 500 hours for at least six months in a unit-based treatment environment, separated from general population as well as those additional residential program components described in Chapter 5, Section 5.2.1.

(5) <u>The inmate is not excluded from a community-based program placement</u>. For early release consideration under § 3621(e) and in accordance with the opening paragraph of this section, an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement.

Finally, there are two groups of inmates that require further direction concerning a § 3621(e) sentence reduction:

- inmates with physical or medical disabilities who may be eligible for § 3621(e) release consideration, and
- inmates with detainers who were participating in a residential drug abuse program on or before August 17, 1995.