IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN CARLOS CRUZ, ) | |
| #40595-004 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.:  2:05-CV-877-F |
| ) | |
| SCOTT MIDDLEBROOKS, ) | |
| ) | |
| Respondent. ) | |

**SUPPLEMENT TO RESPONSE TO PETITION FILED PURSUANT
TO TITLE 28, UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, supplements its' response to the petition filed pursuant to 28 U.S.C. § 2241 as follows:

1.   By Order dated November 16, 2005, the Court ordered the respondent to file a supplement to his response addressing the petitioner's claim that he was denied halfway house placement based on the "'petitioner's race/nationality/origin . . .'" As more fully set forth below, a detainer lodged against the petitioner by Immigration and Customs Enforcement (ICE) (formerly known as the Immigration and Naturalization Service (INS)) is the reason he was deemed ineligible for halfway house placement, not his "'race/nationality/origin . . .'"

2.   Underlying the petitioner's desire to secure halfway house placement is that the successful completion of a period of halfway house residency is a prerequisite to

consideration for early release via 18 U.S.C. 3621(e)(2)(B) and the BOP's Residential Drug Abuse Program (RDAP). Program Statement 7310.04, <u>Community Corrections Center Utilization and Transfer Procedures</u>, however, provides that inmates with unresolved or pending detainers which will likely lead to arrest, conviction, or confinement are not eligible for halfway house placement. Thus, the petitioner, being subject to the detainer of ICE, is prohibited from being placed in a halfway house. Unable to meet this condition precedent to consideration for early release, the petitioner is not entitled to the benefit of early release allowed for under 18 U.S.C. 3621(e)(2)(B) .

     3. The denial of Mr. Cruz' request to for placement in a halfway house has absolutely nothing to do with his race. Program Statement 7310.04 <u>Community Corrections Center Utilization and Transfer Procedures</u>, makes clear that inmates with unresolved or pending detainers are ineligible for placement in a halfway house. This rule applies to all inmates regardless or race, nationality, or origin. There are several different types of detainers, including, 'ICE', 'parole violator,' or 'warrant,' which merely describes the **type** of detainer the inmate has. All inmates regardless of their race, nationality, or origin are ineligible for release to the halfway house if they are subject to a detainer. Additionally, this policy applies to all types of detainers, state, violator warrants, and INS. The rationale behind this policy is that once the prisoner completes

his federal sentence, he should be made available for pick-up by the jurisdiction holding the detainer.[1]

4. The petitioner on the basis of semantics seeks to be deemed eligible, ultimately, for early release. Playing on the phrases "INS Detainee" and "detainer" petitioner attempts to confuse the issue before the Court. In simple terms, the BOP houses aliens who have been determined by ICE to be possibly subject, or who are subject, to removal following a determination of whether they are legally present and / or can legally remain in the United States, under certain statues, regulations and rules administered by ICE. Persons held at BOP facilities solely on this basis are housed for the convenience and under the jurisdiction of the ICE and are internally referred to as "INS Detainees." No such persons, the petitioner included, are housed at FPC Montgomery because it is a minimum level institution.[2]

5. The term "INS Detainee," is also used internally to refer to persons described in paragraph 4 who are also subject to a federal sentence of imprisonment for violations of criminal statutes of the United States Code. The petitioner, in addition to being subject to an ICE detainer, and thus an "INS Detainee," is also serving a sentence of imprisonment for violation(s) of (a) criminal statute(s) of the United States.[3] As his

---

[1]   See Declaration of Chalon Moore attached hereto.

[2]   See Declaration of Chalon Moore attached hereto.

[3]   As he makes clear the petitioner is well aware of his status as person convicted of a federal offense and also subject to a detainer. On January 30, 2005, Cruz submitted a Request To Staff Member stating he was not an "INS detainee" and requested to be released. Staff

present detention is the result of this sentence of imprisonment and he is also subject to the detainer of ICE, the petitioner is ineligible for halfway house placement on the basis of Program Statement 7310.04. It is on this basis, not his "race/nationality/origin," that he is not subject to halfway house placement.

6. To resolve the petitioner's claim that his treatment is in violation of the principles of equal protection, this Court must determine whether the challenged classification is one which involves a suspect class or the exercise of a fundamental right. Pyler v. Doe, 457 U.S. 202, 216-17 (1982). If the relevant statute "places no substantive limitations on official discretion" in granting early release from a valid sentence, no constitutionally protected liberty interest is implicated. Olim v. Wakinekona, 461 U.S. 238, 249 (1983).

7. Title 18, United States Code, Section 3621(e)(2(B) provides only that the BOP may grant a reduction in sentence to a prisoner convicted of a nonviolent offense. 18 USC § 3621(e)(2)(B). Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest. Cook, 208 F3d at 1322 (11th Cir. 2000); Olim, 461 U.S. at 249; .Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991) (concluding no liberty interest arose from possibility of discretionary grant of incentive good time). Greenholtz v.

---

advised Cruz that he was not eligible for early release because he had a detainer and that any type of detainer would make him ineligible for release to a halfway house. (Attachment 1 - Request to Staff Member dated January 30, 2005). Cruz was also told during the administrative remedy process that he was not eligible for release to a halfway house because he had a detainer lodged against him. (Attachment 2- Administrative Remedy Packet #36638).

Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979) (A prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence).  Veneges v. Henman, 126 F.3d 760, 765 (5th Cir. 1997) ("The loss of the mere opportunity to be considered for discretionary early release [under § 3621(e)(2)(B)] is too speculative to constitute a deprivation of a constitutionally protected liberty interest."). The policy which prevents Cruz' release to a halfway house does not single out a suspect class or impinge on a fundamental right.  Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988). Thus, the provision is subject to the rational basis test under the equal protection clause.  Thornton v. Hunt, 852 F.2d 526, 527 (1988); Hotel v. Indiana 452 U.S. 314, 331 (1981).  The BOP's policy of not allowing inmates with detainers to be released to a halfway house is rationally related to the legitimate purpose of ensuring prisoners are available for transfer on the detainer to the jurisdiction issuing the detainer.

Respectfully submitted this 30th day of November, 2005.

        LEURA G. CANARY
        United States Attorney


    By: s/R. Randolph Neeley
      R. Randolph Neeley
      Assistant United States Attorney
      Bar Number:  #9083-E56R
      Attorney for Defendant
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL  36101-0197
      Telephone: (334) 223-7280
      Facsimile:  (334) 223-7418
      E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Juan Carlos Cruz
>No.: 40595-004
>Maxwell Federal Prison Camp
>Birmingham - C
>Maxwell Air Force Base
>Montgomery, AL  36112

>s/R. Randolph Neeley
>Assistant United States Attorney