UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Juan Carlos Cruz                    )
                                    )
        Petitioner,                 )
                                    )
        v.                          )        Civil Action No. 2:05-cv-877
                                    )
Scott A. Middlebrooks,              )
                                    )
        Respondent.                 )

Declaration of Chalon Moore

        I, Chalon Moore, Case Management Coordinator, do hereby certify, declare, and
state as follows:

1.      I am employed by the Federal Bureau of Prisons (Bureau) as the Case
Management Coordinator at the Federal Prison Camp in Montgomery, Alabama (FPC
Montgomery).

2.      This supplemental declaration is being provided to specifically address Mr. Cruz'
allegations he was denied placement in a halfway house based on his
"race/nationality/origin."

3.      The denial of Mr. Cruz' request for placement in a halfway house has absolutely
nothing to do with his race. The Immigration and Customs Enforcement (ICE) (formerly
Immigration and Naturalization Service (INS)) has lodged a detainer against
Mr. Cruz for possible deportation. Program Statement 7310.04 Community Corrections
Center Utilization and Transfer Procedures, makes clear that inmates with unresolved or
pending charges or detainers are ineligible for placement in a halfway house. This rule
applies to all inmates regardless or race, nationality, or origin. There are several different
types of detainers, including, 'INS', 'parole violator,' or 'warrant,' which merely describes
the **type** of detainer the inmate has. All inmates regardless of their race, nationality, or

origin are ineligible for release to the halfway house if they are subject to a detainer. Additionally, this policy applies to all types of detainers, state, violator warrants, and INS. The rationale behind this policy is that once the prisoner completes his federal sentence, he should be made available for pick-up by the jurisdiction holding the detainer.

4.    At the heart of Mr. Cruz' confusion is the basis for his detention by the Bureau. The Bureau of Prisons houses aliens who have been determined by the INS to be possibly subject, or who are subject, to removal following a determination of whether they are legally present and / or can legally remain in the United States, under certain statutes, regulations and rules administered by the INS. Persons held at Bureau facilities solely on this basis are housed for the convenience and under the jurisdiction of the ICE and are internally referred to as "INS Detainees." No such persons are housed at FPC Montgomery because it is a minimum level institution.

5.    The term "INS Detainee," is also used internally to refer to persons described in paragraph 4 who are also subject to a federal sentence of imprisonment for violations of criminal statutes of the United States Code. Mr. Cruz, in addition to being subject to an INS detainer, is also serving a sentence of imprisonment for violation(s) of (a) criminal statute(s) of the United States. As his present detention is the result of this sentence of imprisonment and he is subject to the detainer of the INS, Mr. Cruz is ineligible for halfway house placement on the basis of Program Statement 7310.04. It is on this basis, not "petitioner's race/nationality/origin," that he is not subject to halfway house placement. Should the ICE determine Mr. Cruz will not be deported, staff will review his case for possible CCC placement and early release.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this  18th  day of November, 2005

Chalon Moore, Case Management Coordinator
FPC Montgomery, Alabama