# Attachment 2

Administrative Remedy No. 366938-A2
Part B - Response

You appeal the Warden's denial of your ineligibility for early release pursuant to 18 U.S.C. § 3621(e). You claim you have been erroneously classified as an INS detainee and to classify you as such in order to deny you early release is discriminatory. You request your sentence be reduced by one year upon successful completion of the RDAP and transitional services.

Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, stipulates that inmates are required to complete the community transition component of the residential drug abuse treatment program to be considered for a sentence reduction under 18 U.S.C. § 3621(e). In addition, P.S. 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u>, states inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement shall not ordinarily participate in CCC programs.

Records indicate that Immigration and Customs Enforcement (ICE) (formerly Immigration and Naturalization Service) has lodged a detainer against you for possible deportation. You are ineligible to participate in a CCC program and, consequently, ineligible for early release consideration at this time. Should ICE determine you will not be deported, staff will review your case for CCC placement and early release. We find no evidence to support your allegation of discrimination regarding this matter. Based on the above, we concur with the Warden's decision, find it appropriate, and in accordance with policy.

Your appeal is denied.

_August 5, 2005_
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice  
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Cruz, Juan, Carlos    40595-004    Birmingham    F.P.C. Montgomery
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

I hereby appeal the decision of the Regional Office in my appeal to the Warden's denial of my BP-9:

(1) The Regional Office has erroneously classified me as an INS detainee when in fact, the Records Department at the F.P.C. Montgomery has informed me that I am "NOT" an INS detainee. Further, the Regional Office has not addressed the issue as set forth in my appeal addressing the fact that if I am an INS detainee then, I have been forced to worked for the past eight years contrary to the 13th Amendment to the United States Constitution (i.e. prohibition of involuntary servitude because, BOP Policy Statement clearly holds that INS detainees don't have to work. Therefore, in such case the BOP must compensate me in the amount of $86,528.00 under minimum salary wages for the past eight years).

(2) The Regional Office denial relies on the assertion that I must go to a half way house to complete the transitional services (i.e. aftercare) required by the RDAP. However, as such services can be provided for me in prison (i.e. as informed to inmate Barbaro

_____    _____
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED AUG 15 2005  
Regional Counsel's Office - SERO  
Bureau of Prisons

_____    _____
DATE    GENERAL COUNSEL
SECOND COPY: REGIONAL FILE COPY    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

ATTACHMENT

Nogueras in the Warden's Response to his BP-9 attached hereto as Exhibit "A". Nogueras Appeal is at present before the Regional Office.).

In essence, if am I not an INS detainee for "work" purposes then, I cannot be classified an INS detainee in order to deny me the benefit/s of a federally funded program. The BOP's change of appellant's status as to fit its needs is nothing more than a tactical way of covering up its descriminatory practice/s against "Cubans" and other non-deportable aliens.

Based on the foregoin appellant prays of this Office to overturne the Regional Office's decision and to order the Warden at the F.P.C. Montgomery to reduce appellant's sentence by one (1) year upon his successful completion of the RDAP and the transitional services which will be provided at the F.D.C. Montgomery while appellant awaits to complete the remaining of his sentence. Please see Exhibit "A". Please, see Exhibit "B" wherein, it is clear that INS does not oppose my placement in a half way house nor, does my detainer allow same to be held against me to deny me "any institutional benefit/s.

Regional Administrative Remedy Appeal No. 366938-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted March 14, 2005. You allege the Bureau of Prisons has unfairly denied you consideration for early release based on your status as an Immigration and Naturalization Services (INS) detainee. As relief, you seek provisional approval of early release.

Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>, Chapter 6, Section 6.1.1.(5), states that an inmate must be eligible to participate in community based programs to complete the transitional services component of the Residential Drug Abuse Program (RDAP). INS detainees are not eligible for community placement. You are classified as an INS detainee. Under Chapter 6, Section 6.1.1, the Director has the discretion to deny early release benefits to INS detainees. In addition, under Chapter 6, Section 6.1.1. 5. (2), states inmates with detainers who were participating in RDAP on or before August 17, 1995 could be released directly to the detainer via §3621(e) release. Your present participation in RDAP is well after the August 17, 1995 period. Therefore, you do not meet this criteria.

Furthermore, the Bureau of Prisons does not have "a 'special' halfway house in Colorado which offers drug programs to Cuban nationals." The Federal Correctional Institution at Englewood, Colorado, housed a RDAP for Mariel Cubans, but this program ceased operations in 2004.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

4-11-05
Date

Regional Director, SERO

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Cruz, Juan Carlos__   __40595-004__   __Birmingham__   __F.P.C. Montgomery__
　　　LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

　　　I hereby appeal the Warden's denial of my BP-9 on grounds that:

　　　(1) The Warden's Office has misconstrued the language of Program Statement 5330.10 chapter 6.1.1(5).

　　　(2) The Warden's denial does not explain "how" the BOP can have both sides of the coin that is, for obligatory work purpose/s the BOP does not classify me as an INS detainee and at the same time the BOP is classifying me as an INS detainee for the purpose/s of the one year sentence reduction upon my complition of the RDAP.

　　　(3) The Warden's Office does not address my request to be placed at the half way house in Colorado which is designated for Cubans with INS problems.

　　　(4) The Warden's Office response fails to explain "how" a federally funded program such as RDAP can deny its benefit to

__3/18/05__　　　(See Attachment)　　　__[signature]__
DATE　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY　　　CASE NUMBER: _____

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____   _____   _____   _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

BP-230(13)

ATTACHMENT

an individual or class of people and how such conduct would not violate the Equal Protection Caluse of the Fifth Amendment or the 1964 Civil Rights Act.

(5) The Warden's Office response fails to explain why if I am an INS detainee I have been forced to undergo involuntary servitude for the past eight years and why the BOP does not have to compensate me for all those years of forced labor in violation of the Thirteen Amendment to the Federal Constitution.

For the foregoing reasons I hereby reiterate "all" arguments presented in my BP-9 and those presented in this appeal and pray of this Regional Office to grant this appeal by, (1) ruling that I do qualify for the one year sentence reduction, or in the alternative (2) that I must be compensated in the amount of $86,528.00 for the involuntary servitude I have undergone in the past eight plus years.

Respectfully submitted,

Juan Carlos Cruz

**U.S. Department of Justice**  
Federal Bureau of Prisons

INMATE REQUEST FOR ADMINISTRATIVE REMEDY

---

From:   Cruz, Juan Carlos          40595-004       Birmingham       FPC Montgomery
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT            INSTITUTION

**RESPONSE/DISPOSITION**

Remedy ID #366938-F1

This is in response to your request dated February 10, 2005, and receipted in this office on February 10, 2005. In this request, you are asking that the response to your BP 8 ½ be reconsidered and that you be made eligible for a 3621(e) release.

In response to your request, your Central and DAP files were thoroughly reviewed, you were interviewed by the FPC Montgomery DAP Coordinator, ISM and Unit Managers were consulted. In the review of your records and in consultation with the aforementioned institutional staff, it was noted that you currently have an INS detainer. This detainer makes you ineligible for halfway house and 3621(e) release. As explained in your request to staff, Program Statement 5330.10 chapter 6.1.1 (5) covers the requirement for eligibility for a community-based program placement and Program Statement 5330.10 chapter 6.1.1 (I) covers the ineligibility of INS detainees. Therefore, you are still considered ineligible for a 3621(e) release.

Your request for relief is denied at this time.

In accordance with Program Statement Number 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate from (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

2/25/05
DATE

[signature]
SIGNATURE

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Juan Carlos Cruz__  __40595-004!__  __Birmingham B__  __F.P.C. Montgomery__
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.         UNIT              INSTITUTION

**Part A- INMATE REQUEST**

I hereby respectfully request reconsideration of the denial of my BP 8½. Further, I hereby also reiterate all my claims and arguments as set forth in my, (1) Inmate Request to Staff, (2) BP 8½. Furthermore, I hereby respectfully call to your attention that the Unit Manager's conclusion that Cuban nationals do not qualify for halfway house placement is contrary to BOP P.S. §5330.10, i.e. there exists a "special" halfway house in Colorado which offers drug programs to Cuban nationals only. Also, the language of the denial (i.e. BP 8½) fails to cite any specific BOP P.S. whereby, placement in a halfway house is a prerequisite to the successful completion of the RDAP. The only reason state detainees are precluded from half way house placement is because the constitute a risk of flight. However, Cubans do not present a risk of flight accoding to the recent ruling by the Supreme Court in Daniel Benitez v. Michael Rozos, No. 03-7434; Clark v. Martinez, No. 03878 (both decided on January 12, 2005).

For the foregoing reasons I pray that this request be granted.

2-/10/05                                   *Juan C. Cruz*
   DATE                                   SIGNATURE OF REQUESTER

**Part B- RESPONSE**

[Received FPC Maxwell 5 FEB 10 AM 10:12]

_____                 _____
       DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 366938-F1
-----------------------------------------  CASE NUMBER: 366938-F1

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                 _____
       DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

The only reason why INS detainees are not eligible for the one (1) year sentence reduction is because they have finished serving their sentences and thus, the one year cannot be reduced from a completed sentence (i.e. you do not become an INS detainee until INS takes you into its custody).

It is axiomatic that Congress never intended to create a law (28 C.F.R. Part 43 §550.58) whereby, a class of people such as Cubans could be discriminated base on their origen. The Civil Right Act of 1964 clearly prohibits any federally funded program from excluding from its benefits any class of people based on their color, ethnics, nationality, religious believes, sexual preferences, political preferences, etc, etc, etc... However, it appears that the DAP's wrongful interpretation of §550.58 is in violation of the 1964 Civil Rights Act and the Equal Protection Clause as guaranteed by the United States Constitution, by denying me the one (1) year sentence reduction upon completion of the DAP.

Wherefore, I respectfully request a written response whereby, it is explained to me in detail how the above mentioned action/s of your department are not in violation of my constitutional rights under the Equal Protection Clause and the 1964 Civil Rights Act.

I thank you in advance for your understanding and your prompt compliance with this humble request.

Respectfully submitted,

*Juan C. Cruz*
Juan Carlos Cruz, #40595-004

(Attachment to Inmate Request to Staff Form)

-2-

ATTACHMENT

## FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: 2-04-05          STAFF SIGNATURE: _[signature]_

INMATE NAME: Juan Carlos Cruz          REG. NO. 40595-004          Inf. Rs.# _____

**NOTICE TO INMATE**: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: Insufficient space - please, see attachment

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: I filed an Inmate Request to Staff (i.e. attached hereto as Exhibit A).

3. STATE WHAT RESOLUTION YOU EXPECT: To be granted a none (1) year sentence reduction upon completion of the RDAP of to be paid $86,528.00 for the past eight (8) years of involuntary servitude in violation of the Thirteenth Amendment to the U.S. Constitution.

INMATE SIGNATURE: _Juan C. Cruz_   DATE: 2-04-05

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: A review of your request indicates that an INS detainer was lodged against you on January 19, 2000. As a result of this detainer you are not eligible for participate in a halfway house; therefore, placement in a halfway house is a major part of completion of the R-DAP program. All inmates assigned to a work comp is required to work as instructed.

COUNSELOR'S SIGNATURE: _[signature]_   DATE: 2-5-5
UNIT MGR'S REVIEW: _[signature]_   DATE: 2-5-5

STAFF ACTION:

_____ NOT ACTED ON-STATE REASONS IN COMMENTS
_____ INFORMALLY RESOLVED
__✓__ NO INFORMAL RESOLUTION-(BP-9) ISSUED
_____ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| | Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|---|
| Date: | 2-5-5 | 2-9-5 | 2-10-5 | 2-10-5 |
| Time: | 1:30 p.m. | 3:20 p.m. | 9:00 A.M. | 10:15 A.M. |
| Counselor: | _[sig]_ | _[sig]_ | _[sig]_ | _[sig]_ |

ATTACHMENT TO BP½

I requested of the DAP Coordinator to explain to me why I will not receive a one year sentence reduction upon satisfactory completion of the RDAP. The response indicates that I don't qualify for the one year sentence reduction because INS has placed a detainer on me. The aforementioned response is contrary to Congressional intent as found in 28 C.F.R. Part 43 §550.58(i), which excludes INS detainees from the one year sentence reduction. I am not an INS detainee at the present time rather, I am a federal prisoner serving an imposed term of imprisonment. I will not become an INS detainee until and if INS picks me up upon completion of my federal sentence. Further, I am not similarly situated with prisoners who have a detainer launched by the State authorities - such detainers are governed by the IDA and INS detainers are not. Further, I am a Cuban national and as such I am not deportable at the present time. See recent Supreme Court ruling in Clark, Field Office Director, Seattle, INS and Customs Enforcement, et al., v. Martinez, No. 03878 (decided January 12, 2005); Daniel Benitez v. Michael Rozos, Field Office Director, Miami, Florida, Immigration and Custom Enforcement, No. 03-7434 (decided January 12, 2005.

The RDAP Coordinator's interpretation of §550.58(i) would render such section of law as an unconstitutional provision which, violates the Equal Protection under the Fifth Amendment to the United States Constitution and the 1964 Civil Rights Act (i.e. federally funded program cannot negate benefits to successful participants based on the person's origin, political/religious/sexual preferences or color of his/her skin). In essence the Coordinator's interpretation of §550.58(i) is constitutionally infirm, because such interpretation would violates the constitutional rights of those who are not INS detainees as myself and thereby, violates their constitutional rights based on their origen/nationality. Wherefore, the Coordinator's interpretation would render §550.58(i) as an unconstitutional

provision of law under <u>Regan v. Time Inc.</u>, 468 U.S. 641, 82 L.Ed.2d 487 91984)("Regulations which permit the government to discriminate on the basis of "content" of the message cannot be tolerated under the First Amendment). Id <u>Regan</u>, supra. Consequently, §550.58(i) as interpreted by the RDAP Coordinator does not pass constitutional mustard and as such must be declared unconstitutional by the Montgomery District Court which exercises venue and jurisdiction over the subject matter of this complaint. See <u>Minnesota v. Mille Lacs Band of Chippewa Indians</u>, 526 U.S. 172, 191 (1999); <u>Alasca Air Lines, Inc.</u>, 468 U.S. 641, 653 (1984).

Further, the RDAP Coordinator alleges that because I am not elegible for CCC under BOP P.S. §5330.10 as result of my INS detainer then, I am not eligible for half way house (CCC) placement. The RDAP Coordinator aforementioned opinion appears to advertently ignore the fact that Mariel Cubans do qualify for half-way house and that such half-way house exist in Colorado and where designed specifically for Cubans. Thus, his argument fails under §5330.10. See BOP PS. 5111.03 (Mariel Cubans).

Furthermore, assuming arguendo that the Coordinator's classification of complainant as an INS detainee is correct then, complainant then, it is not mandated by the C.F.R. Part 43 to End or the BOP Policy Statement that, claimant must work during his incarceration. INS detainees cannot be forced to work, because such practice would constitute involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution (.e. prohibition against "slavery"). Consequently, climant must be conpensated for his involuntary servitude for the past eight (8) years. Thus, at the rate of minimum wage ($i.e. $5.25/hr) the BOP must compensate claimant in the amount of $86,528.00.

Moreover, the RDAP Corrdinator does not offer any explanation as to why claimant could not be placed in CCC after being released from INS. In <u>Benitez</u>, supra, the Supreme Court acknowledged that

-2-

because Cubans where not deportable aliens then, under §1231(a)(6) the Justice Department (INS) could only hold Cubans (INS detainees) for a period of ninety (90) days. In essence, claimant could attend CCC after being released by INS.

Wherefore, the denial of claimant's request appears to lack any legal standing and as such should be reversed, or in the alternative claimant should be paid the amount of §86,528.00 for the eight (8) years during which he was forced to carry out involuntary servitude.

Respectfully submitted,

*Juan C. Cruz*

Juan Carlos Cruz

LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

P-S148.055 INMATE REQUEST TO STAFF CDFRM
EP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| ISM Coordinator (Record Dept.) | January 30, 2005 |
| FROM: | REGISTER NO.: |
| Juan Carlos Cruz | 40595-004 |
| WORK ASSIGNMENT: | UNIT: |
| MW-11 | Birdmingham "B" |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I respectfully request to be informed of my present status withing the BOP that is, am I a federal prisoner serving a sentence of imprisonment as imposed by a federal Article III judge or, am I an INS detainee. It is clear under the law that a person does not become a "detainee" until he is under the jurisdiction of the authorities which have launched the detainer. Further, if I am an INS detainee then, am I to follow the Mariel Cuban BOP Policy Statement even though, I am not a Mariel Cuban. Further, if I am a detainee then, I am excempted from work because, being forced to work would violate my constitutional rights under the Thirteenth Amendment (slavery). Please, what is my status within the BOP?

(Do not write below this line)

DISPOSITION:

see attached

FEB 10 AM 10:42 FPC MAXWELL ALA RECEIVED OFFICE

Signature Staff Member        Date

U.S. Department of Justice  
Federal Bureau of Prisons

RESPONSE TO INMATE REQUEST

From: Cruz, Carlos | 40595-004 | Birmingham-B | FPC Montgomery
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

RESPONSE/DISPOSITION

In your Inmate Request to Staff, you have requested to know if your are a federal prisoner or an INS detainee.

You are a federal prisoner serving a 136 month sentence imposed by the U.S. District Court of Southern Florida. This sentence was imposed on June 20, 1997. Your projected satisfaction date is November 8, 2006. An INS detainer was lodged against you on January 24, 2000. You will be released to INS custody upon completion of your federal sentence.

2/3/05
DATE

Jimmie Brown
SIGNATURE

FPC MAXWELL RECEIVED FEB 10 AM 10:42