EXHIBIT "D"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Juan Carlos Cruz         )
                         )
    Petitioner,          )
                         )
v.                       )     Civil Action No. 2:05-cv-877
                         )
Scott A. Middlebrooks,   )
                         )
    Respondent.          )

## Declaration of Chalon Moore

I, Chalon Moore, Case Management Coordinator, do hereby certify, declare, and state as follows:

1. I am employed by the Federal Bureau of Prisons (Bureau) as the Case Management Coordinator at the Federal Prison Camp in Montgomery, Alabama (FPC Montgomery).

2. Included in my duties as Case Management Coordinator is to review central files of inmates to make recommendations for the inmate's placement in Community Corrections Centers (CCC).

3. I understand Juan Carlos Cruz, 40595-004, claims he should be eligible for placement in a CCC. I have reviewed relevant documents regarding Mr. Cruz and have the following information to provide.

4. Pursuant to Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures, inmates with unresolved or pending detainers are ineligible for placement in a CCC. In order to complete the Residential Drug Abuse Program, inmates must spend part of their time in a CCC. As the petitioner can not fulfill this requirement, he is ineligible for early 3621(e) release.

Mr. Cruz has a detainer from the INS which makes him ineligible for placement in a CCC. Instead, he will be released to the custody of U.S. Immigration and Customs Enforcement (ICE) when his federal sentence is completed. Program Statement 5330.10, Drug Abuse Programs Manual, provides that for early release consideration under § 3621(e), an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement. Pursuant to 28 C.F.R. 550.59 (b), an inmate who successfully completes a residential drug abuse program and who, based on eligibility, is transferred to a Community Corrections Center (CCC), is required to participate in a community-based treatment program. Inmates who complete both the institution and community portion of the drug program may receive up to a year off their sentence, if otherwise eligible. However, as indicated above, Mr. Cruz is not eligible for placement in a CCC and he, therefore, is unable to complete the program because of the detainer.

5. Mr. Cruz is required to work. Program Statement 5251.05, Inmate Work and Performance Pay Program, section 5, page 3, provides that ICE detainees are excluded from work requirements unless the inmate waives his right not to work. However, Mr. Cruz is not an INS detainee because the INS has not made a final determination regarding his deportation status. They merely have an detainer on him in order to take him into custody with the purpose of determining whether to initiation deportation proceedings against him. Thus, he must work while in prison.

I declare under the penalty of perjury and pursuant to 28 U.S.C. 1746 the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16 day of November, 2005

Chalon Moore, Case Management Coordinator
FPC Montgomery
Montgomery, Alabama