IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUAN CARLOS CRUZ, #40595-004    )
    )
    Petitioner,    )
    )
    v.    )  CIVIL ACTION NO. 2:05-CV-877-WKW
    )
SCOTT MIDDLEBROOKS,    )
    )
    Respondent.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas

corpus relief filed by Juan Carlos Cruz ["Cruz"], a federal inmate formerly confined at the

Maxwell Federal Prison Camp, on September 14, 2005.  In this petition, Cruz sought to

compel the Bureau of Prisons "to grant him a one year sentence reduction" due to his

successful completion of the Residential Drug Alcohol Program (RDAP).[1]

### DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244,

246 (1971).  An actual controversy must exist at all times when the case is pending. *Steffel*

*v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In a case such as this where the only relief

requested is injunctive in nature, it is possible for events subsequent to the filing of the

complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*,

---

[1]Cruz is no longer within the custody of the Bureau of Prisons.

108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4ᵗʰ Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2ⁿᵈ Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11ᵗʰ Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Cruz filed this civil action seeking an early release from his prison term. Since Cruz has been released from the custody of the Bureau of Prisons, there is no longer a case or

controversy to litigate and this case is subject to dismissal as moot.  *United States ex rel. Graham v. United States Parole Commission*, 732 F2d 849, 850 (11ᵗʰ Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5ᵗʰ Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas relief be dismissed as moot since a more favorable decision on the merits would not entitle the petitioner to any additional relief.  It is further

**ORDERED that on or before December 27, 2006 the parties may file objections** to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE